United States District Court
Middle District of Florida
Tampa Division

ASHLEE BAKER,

    Plaintiff,

v.                                                                                          Case No.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COME NOW the Plaintiff, ASHLEE BAKER, by and through her undersigned counsel, and hereby sues the Defendant, UNITED STATES OF AMERICA, and states as follows:

### INTRODUCTION

1. Plaintiff, ASHLEE BAKER, files this complaint against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act (F.T.C.A.), 28 U.S.C. §§ 1346(b) and 2671 and 28.

2. The claims herein are brought against Defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 for money damages as compensation for personal injuries caused by negligence on the part of Defendant, UNITED STATES OF AMERICA.

3. This lawsuit has been timely filed, as Plaintiff, ASHLEE BAKER, served timely notice of her claim on both Community Health Centers of Pinellas, Inc. and the United States Department of Health and Human Services less than two years after the incident forming the basis of this lawsuit.

4. Plaintiff, ASHLEE BAKER, fully complied with the provisions of 28 U.S.C. §2675 by submitting Standard Form 95 (Exhibit A) to the Department of Health and Human Services, Public Health Service Claims Office, of the Defendant, UNITED STATES OF AMERICA.

5. Pursuant to Federal Tort Claims Act, 28 U.S.C. § 2675(a), the claims of Plaintiff, ASHLEE BAKER, are deemed denied by the Department of Health and Human Services on behalf of the Defendant, UNITED STATES OF AMERICA, as no formal response to Plaintiff's claim has been issued in over six (6) months.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff, ASHLEE BAKER, is and was at all times relevant hereto a U.S. Citizen, and a resident of Clearwater, Pinellas County, Florida.

7. At all times relevant hereto, the Defendant, UNITED STATES OF AMERICA, through its agency, the Department of Health and Human Services, operated Community Health Centers of Pinellas, Inc. located at 1344 22nd Street South, St. Petersburg, Florida 33712.

8. At all times relevant hereto, the directors, officers, operators, administrators, employees, agents and staff of Community Health Centers of Pinellas, Inc. were employed by and/or acting on behalf of Community Health Centers of Pinellas, Inc. and "employees of the government" pursuant to 28 U.S.C. § 2671.

9. Because the directors, officers, operators, administrators, employees, agents and staff of Community Health Centers of Pinellas, Inc. were "employees of the government" at all times relevant hereto, Defendant, UNITED STATES OF AMERICA, is responsible for the negligent acts and/or omissions of said directors, officers, operators, administrators, employees, agents and staff under the theory of respondent superior.

10. The directors, officers, operators, administrators, employees, agents, and staff at Community Health Centers of Pinellas, Inc., are hereinafter collectively referred to as "Community Health".

11. This court has jurisdiction over this claim against the UNITED STATES OF AMERICA pursuant to 28 U.S.C. Section 1346(b)(1).

12. Negligent acts and/or omissions giving rise to portions of this claim against the UNITED STATES OF AMERICA occurred in the district of Florida and the vast majority of fact witnesses expected to testify do work and reside in the Middle District of Florida. Venue is therefore proper under 28 U.S.C. Section 1402(b).

## FACTUAL ALLEGATIONS

### *Treatment of Plaintiff, ASHLEE BAKER, at Community Health Centers of Pinellas, Inc.*

13. On or about April 8, 2019, Plaintiff, ASHLEE BAKER, presented to Community Health for the purposes of undergoing a colposcopy.

14. During the colposcopy procedure, vinegar was applied to Plaintiff, ASHLEE BAKER's, cervix by Community Health in order to identify potentially abnormal cells for biopsy.

15. At some point during the colposcopy, Community Health ran out of vinegar and had to go to the supply room to obtain additional vinegar.

16. After going to the supply room, Community Health returned with a clear liquid in a cup and continued with the colposcopy procedure, bathing Plaintiff, ASHLEE BAKER's, cervix in this clear liquid.

17. Immediately upon this clear liquid being inserted inside her by Community Health, Plaintiff, ASHLEE BAKER, began experiencing extreme burning and pain in her vagina and on her cervix.

18.     At that time, Community Health realized that the clear liquid being used to bathe Plaintiff, ASHLEE BAKER's, cervix was not vinegar, but instead was Trichloroacetic Acid (TCA).

19.     Plaintiff, ASHLEE BAKER, was then transported by ambulance from Community Health to the hospital for treatment of the chemical burns to her vagina and cervix.

20.     During the course and scope of Community Health's treatment of Plaintiff, ASHLEE BAKER, Community Health failed to identify the clear liquid being used to bathe Plaintiff, ASHLEE BAKER's, cervix as being Trichloroacetic Acid (TCA), which resulted in severe chemical burns to Plaintiff, ASHLEE BAKER's, vagina and cervix.

### *Damages Suffered by Plaintiff, ASHLEE BAKER, Because of Defendant's Negligence*

21.     On April 8, 2019, Plaintiff, ASHLEE BAKER, suffered chemical burns to her vagina and cervix due to Community Health's application of Trichloroacetic Acid (TCA), instead of vinegar, during Plaintiff, ASHLE BAKER's, colposcopy.

22.     Had any director, officer, operator, administrator, employee, agent, and/or staff of the Defendant, UNITED STATED OF AMERICA, timely identified the clear fluid that was to be used during Plaintiff, ASHLEE BAKER's, colposcopy as Trichloroacetic Acid (TCA) and not vinegar, Plaintiff, ASHLEE BAKER, would have been able to avoid suffering chemical burns to her vagina and cervix.

23.     As a result of the April 8, 2019 application of Trichloroacetic Acid (TCA) to Plaintiff, ASHLEE BAKER's, cervix during a colposcopy due to the failure of any director, officer, operator, administrator, employee, agent, and/or staff of the Defendant, UNITED STATED OF AMERICA to identify the clear liquid that was going to be used on Plaintiff, ASHLEE BAKER's, cervix during the colposcopy, the Plaintiff, ASHLEE BAKER has: endured pain and suffering;

been forced to obtain additional medical treatment; incurred medical bills; suffered wage loss; suffered permanent injury; suffered loss of ability to earn income; and suffered loss of capacity for enjoyment of life. Such losses are permanent in nature and continuing.

## COUNT I

### *Negligence of Community Health Centers of Pinellas, Inc.*

24. Plaintiff, ASHLEE BAKER, re-alleges and incorporates Paragraphs one (1) through twenty-three (23) of Plaintiff's Complaint as if set forth fully herein.

25. That at all times relevant hereto, the Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at Community Health Centers of Pinellas, Inc. had a duty to exercise reasonable care in the treatment and care of Plaintiff, ASHLEE BAKER.

26. Notwithstanding said duty, Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at Community Health Centers of Pinellas, Inc. was negligent and did breech said duty by failing to identify the clear fluid being used during Plaintiff, ASHLEE BAKER's, colposcopy was in fact Trichloroacetic Acid (TCA) and not vinegar, which is a departure from the accepted standard of care for such health care providers in the same or similar communities.

27. As a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at Community Health Centers of Pinellas, Inc., the Plaintiff, ASHLEE BAKER, suffered bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, and loss of the ability to earn money. These losses are either permanent or continuing in nature and Plaintiff will continue to suffer these losses in the future.

28. The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida. More specifically, Chapter 766, Florida Statutes provides for a claim for medical negligence as fully stated herein.

29. Plaintiff, ASHLEE BAKER, has complied with all pre-suit requirements contained within Chapter 766, Florida Statutes, with regards to conducting a reasonable investigation into the alleged negligence of Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at Community Health Centers of Pinellas, Inc.

30. Plaintiff, ASHLEE BAKER, has complied with all pre-suit requirements contained within Chapter 766, Florida Statutes, with regards to providing notice of intent to initiate litigation against Defendant, UNITED STATES OF AMERICA, on October 14, 2020.

31. The Defendant, UNITED STATES OF AMERICA, constructively denied Plaintiff, ASHLEE BAKER's, notice of intent to initiate litigation for medical negligence pursuant to Chapter 766, Florida Statutes, on October 22, 2020.

32. The Defendant, UNITED STATES OF AMERICA, is liable for the aforementioned negligence of Defendant, UNITED STATES OF AMERICA, by and through its directors, officers, operators, administrators, employees, agents, and staff at Community Health Centers of Pinellas, Inc., pursuant to 28 U.S.C. §§ 1346(b)(1) and 2671.

WHEREFORE, Plaintiff, ASHLEE BAKER, does hereby request a trial by jury and pray for judgment entered in her favor and against the Defendant, UNITED STATES OF AMERICA that includes:

1. Past and future physical pain, suffering, and mental anguish; past and future medical, health, and attendant care; past and future loss of earnings and earning capacity; past and future physical impairment; past and future dysfunction of the vagina and cervix; past and future enjoyment of life; past and future out of pocket expenses; other pecuniary damages; and loss of enjoyment of life totaling Five Hundred Thousand Dollars ($500,000.00);

2. Attorney's fees and incurred in and associated with this civil action; and

3. Any additional relief at law or equity that this Court may deem just and proper.

Dated this _18th_ day of November, 2020.

_____
JEFFREY "JACK" GORDON, ESQUIRE
Florida Bar Number: 0836760
BRANDON T. KUHN, ESQUIRE
Florida Bar Number: 26343
MANEY|GORDON, P.A.
101 East Kennedy Boulevard, Suite 1700
Tampa, Florida 33602
P: (813) 221-1366
j.gordon@maneygordon.com
b.kuhn@maneygordon.com
a.luke@maneygordon.com
*Counsel for Plaintiff*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Public Health Service Claims Office<br>Switzer Building, Suite 2600<br>Washington, DC 20201 | Claimant: Ashlee Baker<br>2251 Granger Drive, Clearwater, FL 33765<br>Personal Representative: Nicholas M. Athanason, Esquire<br>1236 66th Street North, St. Petersburg, FL 33710 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>07/27/1989 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>08/14/2019   04/08/2019 | 7. TIME (A.M. OR P.M.)<br>1:15 |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Ms. Baker presented to Sharon Turpin ARPN/CNM of Community Health centers of Pinellas for a colposcopy on 04/08/19. See attached medical records and expert wit. affidavit at 1. Ms. Turpin ran out of white vinegar and asked her assistant "Jane Doe" to bring more. Id at 17. The assistant brought in trichloroacetic acid which was used to bathe Ms. Baker's cervix. Sharon Turpin and the Jane Doe did not verify that the right medication in the right dose to the right patient at the right time. Id. Subsequently, Ms. Turpin used baking soda in an attempt to neutralize the chemical burn from the acid she applied to Ms. Baker's cervix. Id.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Severe pain and suffering from a chemical burn which resulted permanent injury and disfigurement to Ms. Baker's genitals.(See attached med. rec. and expert wit. affidavit). Exposure to toxic material creating a higher risk of cancer and require increased costs for monitoring. Id at 2. Loss of enjoyment due to the impact on her ability to go swimming or be intimate. Id at 52.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Sharon Turpin | 1344 22nd St. South, St Petersburg, FL 33712 |
| Jane Doe | 1344 22nd St. South, St Petersburg, FL 33712 |
| Ashlee Baker | 2251 Granger Drive, Clearwater, FL 33765 |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | 500,000.00 | | 500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 727-341-0537 | 8/16/19 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|


Exhibit "A"

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEAR**S AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK